UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS BAY ) <br> TRANSPORTATION AUTHORITY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MCDONALD'S REAL ESTATE ) <br> COMPANY, ) <br> ) <br> Defendant. ) | Civil Action No. <br><br> (Massachusetts Land Court, <br> C.A. No. 17-MISC-000708RBF) |

## NOTICE OF REMOVAL

Defendant McDonald's Real Estate Company ("Defendant" or "McDonald's") hereby removes Case No. 17-MISC-000708-RBF (entitled *Massachusetts Bay Transportation Authority, Plaintiff, v. McDonald's Real Estate Company, Defendant*) from the Land Court Department of the Trial Court of the Commonwealth of Massachusetts (the "Land Court") to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332, 1441 and 1446[1], and as grounds for its removal states as follows:

## STATEMENT OF THE CASE

1.  On or about December 12, 2017, Plaintiff Massachusetts Bay Transportation Authority ("Plaintiff" or the "MBTA") filed the above-captioned action in the Land Court (the "State Action"). The Complaint purports to assert three causes of action, for breach of easement (Count I), for a decree pursuant to M.G.L. c. 240, § 6 (Count II), and for declaratory judgment (Count III). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

---

[1] McDonald's preserves all Federal Rule of Civil Procedure 12(b) objections. *See* Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1395 (3d ed. 2004) (quoting *Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'")).

2. The MBTA served McDonald's registered agent with the Summons and Complaint on December 13, 2017. McDonald's is timely filing this Notice of Removal within the 30-day time period from date of service set forth in 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period runs from service of summons and complaint). A true and correct copy of the Summons and Proof of Service in the State Action are attached hereto as **Exhibits B** and **C**, respectively.

3. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court under 28 U.S.C. § 1446(c), because, as set forth more fully below, the parties are citizens of different states, and the action concerns an amount in controversy exceeding the value of $75,000.00, exclusive of interest and costs.

### FEDERAL JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

4. Plaintiff alleges that it is a body politic and corporate and political subdivision of the Commonwealth of Massachusetts and maintains a principal place of business in Boston, Massachusetts. (Ex. A, Compl. ¶1). As such, Plaintiff is a citizen of Massachusetts.

5. McDonald's is a corporation organized and existing pursuant to the laws of the State of Delaware and maintains a principal place of business in Oak Brook, Illinois. (Ex. A, Compl. ¶ 2). As such, McDonald's is considered a citizen of Delaware and Illinois.

6. Because Plaintiff and Defendant are citizens of different states, there is complete diversity of citizenship within the meaning of 28 U.S.C. § 1332.

7. The amount in controversy exceeds $75,000.00. Where, as here, the plaintiff seeks equitable relief, the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Wash. Apple Adver. Com'n*, 432 U.S. 333, 347 (1977); *Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004). Such value is determined based on the

"judgment's pecuniary consequences to those involved in the litigation." *Young*, 389 F.3d at 3 (citing *Duderwicz v. Sweetwater Savings Assoc.*, 595 F.2d 1008, 1014 (5th Cir.1979)).  As described below, the value of the object of the litigation and the judgment's pecuniary consequences to those involved in the litigation are far in excess of $75,000.00.

8. Count I of the MBTA's Complaint alleges that McDonald's installation of two drive-thru menu boards and related improvements and four striped parking spaces (the "Alleged Encroachments") within the easement area (the "Easement Area") – land for which the MBTA allegedly holds a fee interest – breaches the terms of a certain Grant of Easement (the "Grant of Easement") or otherwise overburdens the Easement Area.  *See* Ex. A at ¶¶ 8-10.  The MBTA seeks an order requiring McDonald's to remove the Alleged Encroachments from the Easement Area.  *Id.* at ¶ 22.

9. Count II of the MBTA's Complaint seeks to quiet title with respect to the MBTA's claim that it holds title to the Easement Area.  *Id.* at ¶¶ 24-26.

10. Count III of the MBTA's Complaint seeks declarations that:  (i) the Alleged Encroachments within the Easement Area constitute "a breach of the Grant of Easement and an overburdening of the easement;" and (ii) "[t]he use of the Easement Area proposed by Defendant in its Application for Special Permit, constitutes a breach of the Grant of Easement and an overburdening of the easement."  *Id.* at ¶ 32.

11. The MBTA's second request for declaratory judgment under Count III relates to McDonald's pending application to the Zoning Board of Appeals for the City of Quincy (the "Quincy Board of Appeals") for special permits to remove the Alleged Encroachments and relocate one of the drive-thru menu boards outside of the Easement Area (the "Special Permit Application").  *Id.* at ¶13.  The MBTA contends, among other things, that the modifications for

which McDonald's seeks a Special Permit are not sufficient because the Grant of Easement does not allow McDonald's to use the Easement Area for the queuing of vehicles. *Id.* at ¶ 15.

12. The MBTA also contends that both McDonald's current and proposed use of the Easement Area interferes, or will interfere, with the MBTA's plans to allow development of its property that abuts a portion of the Easement Area. A copy of the plan for the MBTA's proposed development is attached to the Complaint as Exhibit C. *Id.* at ¶ 16.

13. If the MBTA prevails on Count III and prevents McDonald's from proceeding with the work described in the Special Permit Application, the pecuniary consequences to McDonald's would exceed $75,000.00. As set forth in the Affidavit of Sandra W. Martel (the "Martel Affidavit") attached hereto as **Exhibit D**, the estimated cost for the work proposed in the Special Permit Application (the "Work") is $127,200.00, exclusive of: (i) the legal and consulting fees that McDonald's would incur in order to obtain necessary zoning relief from the Quincy Board of Appeals to allow it to perform the Work; and (ii) the loss of revenue that would be derived from drive-thru operations during the performance of the Work. *Id.* at ¶ 6. In addition, McDonald's could be deprived of its ability to operate the drive-thru altogether, which would come at a tremendous economic toll far in excess of $75,000.00.[2] As such, the object of this litigation and the pecuniary consequences to McDonald's exceed $75,000.00.

14. There are other aspects of this case that render the object of the litigation well in excess of $75,000.00. The Plaintiff's declaratory judgment claim under Count II, through which it seeks a declaration that it holds title to the Easement Area, would also exceed the $75,000.00 amount in controversy as the value of the Easement Area is greater than $75,000.00. In addition,

---

[2] McDonald's submits that the $75,000.00 amount in controversy is met as stated above. Nevertheless, if the Court would like to consider further evidence of the financial impact of the loss of McDonald's drive-thru at this location, McDonald's is willing to furnish the Court with such information, which is proprietary in nature, under an appropriate protective/impoundment order or, alternatively, by providing the same to the Court for its review *in camera* upon request.

the MBTA claims that McDonald's current and proposed use of the Easement Area interferes or will interfere with the MBTA's development plans. A mere review of the Development Plan attached to the Complaint as Exhibit C readily reveals the large-scale nature of the development project at issue from which one can easily infer that the cost of the development would greatly exceed $75,000.00.

15. For all of these reasons, the object of this litigation and the pecuniary consequences of any potential judgment to be entered in this case is well in excess of $75,000.00.

16. As a result, the Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenships between Plaintiff and Defendant, and because the matter in controversy exceeds $75,000.00. The State Action is, therefore, a civil action over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446.

17. The removal of this action terminates all potential proceedings in the Land Court. *See* 28 U.S.C. § 1446(d).

18. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the District of Massachusetts is the federal district in which the Land Court is located and where the State Court Action was originally filed.

19. McDonald's will promptly file a copy of this Notice of Removal with the Clerk of the Land Court.

20. Pursuant to 28 U.S.C. § 1446(a) and District of Massachusetts Local Rule 81.1, within 28 days of the filing of this Notice of Removal, McDonald's shall file certified copies of all records and proceedings in the Land Court, as well as a certified copy of the docket and all

docket entries.

21.     Written notice of the filing of this Notice of Removal and the removal of the State Court Action is being served on counsel for Plaintiff.

22.     McDonald's has good and sufficient defenses to this action, and does not waive any defenses, jurisdictional or otherwise, by the filing of this Notice. McDonald's intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.[3]

                                      Respectfully submitted,

                                      MCDONALD'S REAL ESTATE COMPANY

                                      By its attorneys,

                                      /s/ William J. Squires, III
                                      William J. Squires, III (#642371)
                                      Kelley A. Jordan-Price (#565964)
                                      HINCKLEY, ALLEN & SNYDER LLP
                                      28 State Street
                                      Boston, MA 02109
                                      Tel:   617-345-9000
                                      Fax:  617-345-9020
                                      Email: wsquires@hinckleyallen.com
                                                 kprice@hinckleyallen.com

Dated:  January 12, 2018

---

[3] McDonald's has not yet filed an answer or otherwise responded to the Complaint. On December 18, 2017, the MBTA granted McDonald's an extension of time, up to and including January 22, 2018, to respond to the Complaint in the Land Court. McDonald's will be filing a motion with this Court, seeking the same extension of time to file its answer or other response to the Complaint, namely up to and including January 22, 2018. McDonald's will confirm the MBTA's continued assent before doing so.

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document was filed through the ECF system on the 12th day of January, 2018, and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.  Additionally, I certify that on the 12th day of December, 2016, a copy of the foregoing document was sent via first class mail and email to counsel of record for Plaintiff Massachusetts Bay Transportation Authority listed below:

      Kevin P. O'Flaherty, Esq.,
      Goulston & Storrs, P.C.
      400 Atlantic Avenue
      Boston, MA  02110-3333


      /s/ William J. Squires, III